*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LISA KASTL,

       Plaintiff-Appellant,

v

GREEKTOWN CASINO, LLC,

       Defendant-Appellee.

UNPUBLISHED
June 27, 2024

No. 363987
Wayne Circuit Court
LC No. 21-010776-NO

Before: YATES, P.J., and BORRELLO and GARRETT, JJ.

PER CURIAM.

On New Year's Eve in 2018, plaintiff, Lisa Kastl, and her husband went to the Greektown Casino in Detroit to celebrate. While at the casino, plaintiff drank a substantial amount of alcohol and then went to a restroom on the second floor of the casino. Plaintiff fell and hit her head on the bathroom floor. Plaintiff filed a claim for premises liability against defendant, Greektown Casino, LLC, but the trial court awarded summary disposition to defendant under MCR 2.116(C)(10). The trial court ruled that the slippery spot on the bathroom floor was an open and obvious hazard, and that plaintiff's claim was foreclosed by MCL 600.2955a(1) because plaintiff's intoxication was an absolute bar to recovery. The trial court's application of the open and obvious doctrine no longer supports an award of summary disposition in light of *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; 1 NW3d 44 (2023), but the voluntary intoxication rationale justifies summary disposition, so we shall affirm the award of relief under MCR 2.116(C)(10) on that basis alone.

## I. FACTUAL BACKGROUND

On December 31, 2018, plaintiff and her husband visited defendant's casino in downtown Detroit to celebrate New Year's Eve with dinner and gambling. Plaintiff testified that, while she was at the casino, she "drank alcohol" and "had a few drinks." At roughly 6:00 p.m. that evening, plaintiff went to a casino restroom, where she "slipped and fell and banged [her] head" on the floor so hard she "saw stars." According to plaintiff, she walked into the restroom on her own and the floor was "cold and wet" after she fell. At the time of her fall, plaintiff was wearing high-heeled shoes. She testified that she does not usually wear heels because she broke her foot wearing high heels a few years ago. After her fall at the casino, plaintiff suffered pain in her head and neck and

had recurring headaches. At her deposition, plaintiff testified she suffers from headaches, which she attributed to her accident in the restroom at defendant's casino.

Elexia Goins, an employee of defendant, was working on the night of the incident and saw plaintiff's fall. Later that evening, Goins drafted a "team member statement" on an incident-report form that defendant provided to her. Goins stated that, at about 6:05 p.m., she had been "finishing up cleaning [her] restroom" and "was putting [her] cart back into the [restroom] closet" when she noticed a "handful of guests" enter the restroom. Plaintiff was the last guest of the group entering the restroom. As plaintiff entered the restroom, "she tried to move around someone [and] kind of tripped over her heel[.]" According to Goins, the "tiling on the floor [was] a slippery texture which may have made her balance fall off as well." An Emergency Medical Technician (EMT) arrived, and plaintiff told him how she "tripped over her heels and that '[her husband] told her not to wear those shoes.' " Plaintiff's husband asked Goins "where was [the] floor blower" when Goins was cleaning. Plaintiff then stated: "It wasn't their fault I slipped, I can't walk in these shoes, I'm so embarrassed." Plaintiff told the EMT she had taken "percs" and "norcos," referring to prescription painkillers.

According to the EMT, who arrived on the scene at approximately 6:08 p.m., plaintiff had suffered injuries to her "head, neck, [and] upper back." Plaintiff "lost her balance [and] fell when she [saw] a floor dryer up against the wall in the ladies [sic] restroom." During the evaluation by the EMT, plaintiff reported that she knew who she was and where she was, but she was confused about the date and believed it was Christmas Day. In the EMT's report, he stated "no" regarding whether there was "[e]vidence of intoxication." But the report indicated that, "yes," plaintiff had exhibited an "[a]ltered mental status." At 6:50 p.m. that evening, a sample of plaintiff's blood was drawn for testing. Toxicology results revealed that plaintiff had a blood alcohol content of 0.185 grams of alcohol per 100 milliliters of blood.[1]

On August 24, 2021, plaintiff filed a complaint alleging defendant was liable for plaintiff's injuries based on a premises liability theory. On September 12, 2022, defendant filed a motion for summary disposition, asserting that plaintiff caused her own injuries by tripping on her heels, the condition was open and obvious without special aspects, and voluntary intoxication barred plaintiff from recovery under MCL 600.2955a(1). After listening to oral arguments on November 10, 2022, the trial court ruled from the bench that defendant was entitled to summary disposition under MCR 2.116(C)(10) because (1) there was not sufficient evidence to establish how long the restroom floor had been wet, (2) defendant lacked notice of the condition, and (3) based on plaintiff's remark that she tripped over her heels, plaintiff failed to show that defendant proximately caused her injuries. Also, viewing the facts in a light most favorable to plaintiff, the trial court concluded that the floor was "wet but passable," so the open and obvious doctrine foreclosed plaintiff's premises liability claim. Finally, the trial court found unrefuted evidence that plaintiff was intoxicated on the night of the incident and that her impaired ability to function contributed at least 50% of the fault for her

---

[1] For reference, the legal limit to drive a vehicle in the State of Michigan is a blood alcohol content of 0.08. See MCL 257.625(1)(b). "The level for 'super drunk' is .17" under MCL 257.625(1)(c). *People v Argo*, unpublished per curiam opinion of the Court of Appeals, issued December 20, 2018 (Docket No. 340687), p 1.

injuries, so her claim was barred under MCL 600.2955a(1).  On November 11, 2022, the trial court issued a final order in defendant's favor, and plaintiff then appealed of right.

## II.  LEGAL ANALYSIS

On appeal, plaintiff first argues that a genuine issue of material fact remains with regard to whether defendant caused the condition of the wet floor, thereby imputing notice of that condition to defendant.  We agree with plaintiff on that point, so the trial court's summary disposition award under MCR 2.116(C)(10) cannot stand on that basis.  Second, plaintiff challenges the trial court's conclusion that the lack of any issue of material fact on causation supports the award of summary disposition.  Again, we agree with plaintiff, so the trial court's summary disposition award cannot rest on that conclusion.  Third, plaintiff claims the trial court's application of the open and obvious doctrine has been fully undermined by our Supreme Court's opinion in *Kandil-Elsayed*, 512 Mich 95.  Again, we agree with plaintiff, so the award of summary disposition cannot stand on that basis.  Finally, plaintiff contests the trial court's ruling that the premises liability claim is barred by MCL 600.2955a(1).  That issue warrants close inspection to determine whether the trial court correctly invoked MCL 600.2955a(1) to grant defendant summary disposition under MCR 2.116(C)(10).

This Court reviews "de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019).  When assessing a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion."  *Id*. at 160.  Only when there exists no genuine issue of material fact may the motion be granted.  See *id*.  Such a genuine issue of material fact exists "when the record leaves open an issue upon which reasonable minds might differ."  *Id*. (quotation marks and citation omitted).  With these standards in mind, we must turn to the trial court's decision to apply MCL 600.2955a(1) to bar plaintiff's premises liability claim on the basis of plaintiff's intoxication.  Before doing so, however, we must address a threshold issue about the evidence that may be considered in resolving defendant's summary disposition motion.

### A.  ADMISSIBLE EVIDENCE

As our Supreme Court has held, a "reviewing court should evaluate a motion for summary disposition under MCR 2.116(C)(10) by considering the substantively admissible evidence" in the record.  *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999).  Here, plaintiff contends that the trial court erred when, during its analysis of defendant's motion under MCR 2.116(C)(10), it considered a "team member statement" written by defendant's employee, Elexia Goins, who saw plaintiff fall.  That "team member statement" includes Goins's recitation of plaintiff's comments after she fell in the restroom, including plaintiff's statement that "[i]t wasn't their fault.  I slipped, I can't walk in these shoes, I'm so embarrassed."  Goins heard and then recorded that comment in her own handwriting, so she could testify at trial that plaintiff made that statement.  If her memory failed her, then her "team member statement" could be used to refresh her recollection.  See MRE 612(a). Moreover, Goins's "team member statement" indicates that plaintiff's comment was made to the EMT, who likewise could testify that plaintiff made that statement.

Plaintiff faults the trial court for deciding that plaintiff's comments contained in the "team member statement" were admissible because they were not hearsay as a party admission pursuant to MRE 801(d)(2)(A).  Under that rule, a party's admission is, by definition, not hearsay if "[t]he

statement is offered against a party and is . . . the party's own statement, in either an individual or a representative capacity."[2]  Here, the comments plaintiff made in the restroom after her fall were her own statements made in her individual capacity.  Plaintiff offered no evidence in her deposition or elsewhere to contradict her comments recited in the "team member statement" about not being able to walk in heels and taking accountability for her fall.  Thus, regardless of the admissibility of the "team member statement," plaintiff's comments are not hearsay if Goins or the EMT testifies that plaintiff made those comments, so plaintiff's comments were properly considered by the trial court as party admissions under MRE 801(d)(2)(A).

In any event, the "team member statement" itself is admissible under the business-records exception to the hearsay rule, so defendant can introduce the "team member statement" regardless of whether Goins or the EMT testifies about what plaintiff said after she fell.  Under MRE 803(6), which governs business records, the following items are excepted from the bar on the admission of hearsay in MRE 802:

> A memorandum, report, record, or data compilation, in any form, of acts, transactions, occurrences, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with a rule promulgated by the supreme court or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Additionally, under MRE 803(6), "trustworthiness is presumed, subject to rebuttal, when the party offering the evidence establishes the requisite foundation."  *Solomon v Shuell*, 435 Mich 104, 125-126; 457 NW2d 669 (1990).

Here, the "team member statement" was created on the evening of plaintiff's fall, as shown by the signature and the date at the bottom of the document.  The form includes an assertion stating that the individual completing the form has been honest and has not included any false information.  The form itself was furnished by defendant and provides sections for employees to report the date, time, and location of the incident, whether there were any witnesses, and a full description of the incident.  The contents of the "team member statement" are consistent with plaintiff's testimony that she entered the restroom behind a group of people, and then she slipped and hit her head on the floor.  Likewise, the "team member statement" is consistent with plaintiff's testimony that she had difficulty walking in high heels, and it is also consistent with the EMT's report that there was

---

[2] The Michigan Rules of Evidence were substantially amended in September 2023, and all those amendments went into effect on January 1, 2024.  In this opinion, we shall rely on the version of the rules of evidence in effect at the time this matter was decided.

a floor blower on the restroom floor. Additionally, because the trustworthiness of business records is presumed, plaintiff has the burden of rebutting that presumption. See *Solomon*, 435 Mich at 125-126. Here, plaintiff offered no evidence to support her assertion that the "team member statement" was created in preparation for litigation. Accordingly, we conclude the "team member statement" filled out by Goins on the evening of the incident is a trustworthy record and is admissible evidence under the MRE 803(6) business-record exception to the hearsay rule. Therefore, the trial court did not err by relying on the "team member statement," including plaintiff's comments, in awarding summary disposition to defendant.

## B. INTOXICATION AS A BAR TO RECOVERY

Plaintiff argues that her premises liability claim is not barred by the evidence of her alcohol use on the evening of her fall. The trial court based its award of summary disposition to defendant on MCL 600.2955a(1), which decrees that plaintiff cannot recover damages if she was voluntarily intoxicated and, as a result, she was 50% or more at fault for the accident. Specifically, the statute says "[i]t is an absolute defense in an action . . . for injury to a person or property that the individual upon whose . . . injury the action is based had an impaired ability to function due to the influence of intoxicating liquor . . . , and as a result of that impaired ability, the individual was 50% or more the cause of the accident or event that resulted in the . . . injury." MCL 600.2955a(1). Furthermore, an "[i]mpaired ability to function due to the influence of intoxicating liquor" means that, as a result of drinking intoxicating liquor, "the individual's senses are impaired to the point that the ability to react is diminished from what it would be had the individual not consumed liquor . . . ." See MCL 600.2955a(2)(b). Finally, an individual is "presumed . . . to have an impaired ability to function due to the influence of intoxicating liquor . . . if, under 257.625a of the Michigan Compiled Laws, a presumption would arise that the individual's ability to operate a vehicle was impaired." *Id*. In that respect, under MCL 257.625a(6)(a), the amount of alcohol "in a driver's blood or urine . . . at the time alleged as shown by chemical analysis of the person's blood, urine, or breath is admissible into evidence in any civil or criminal proceeding and is presumed to be the same as at the time the person operated the vehicle." And under MCL 257.625a(7)(b), the legal limit to operate a vehicle is 0.08 grams or more of alcohol content per 100 milliliters of blood.

Here, the toxicology report states that, on the evening of the incident, plaintiff had a blood alcohol content of 0.185 grams per 100 milliliters of blood, which easily exceeds the legal limit to drive under MCL 257.625a(7)(b). Further, because the blood alcohol content established by the toxicology report is presumed to be the same as at the time of the incident, plaintiff is considered an impaired individual under MCL 600.2955a. See MCL 257.625a(6)(a). Additionally, plaintiff herself testified that, because the report is "from an accredited laboratory," she had "no reason to doubt the lab reports." Plaintiff also admitted that she used painkillers along with alcohol on the evening of her fall.

To be sure, the presumption of impairment under MCL 600.2955a(2)(b) may be rebutted, but plaintiff's proffered evidence does not rise to the level that rebuts the presumption in her case. Plaintiff's only evidence to rebut the presumption is contained in the EMT's report, which includes a box checked as "no" for evidence of plaintiff's intoxication. But the EMT's report also included a checked box for "yes" as to plaintiff having an "altered mental status." Additionally, we agree with the trial court that the fact that the EMT did not immediately note plaintiff's intoxication is not enough to rebut the presumption established by the credible toxicology report. Plaintiff herself

admitted to drinking alcohol on the evening of the incident and having a history of alcohol abuse. Thus, plaintiff did not present sufficient evidence to rebut the presumption of her intoxication on the evening of her fall.

Finally, we conclude there is no question of material fact that, as a result of her intoxication, plaintiff was at least 50% at fault for her fall. Plaintiff's blood alcohol content was 0.185, which qualified her as "super drunk" under Michigan law. See *People v Argo*, unpublished per curiam opinion of the Court of Appeals, issued December 20, 2018 (Docket No. 340687), p 1. In addition, plaintiff had taken painkillers and was wearing high-heeled shoes when she fell. An eyewitness, i.e., Goins, observed that plaintiff tripped over her own heel when she fell. After the fall, plaintiff remarked that she "tripped over her heels" and that her husband "told her not to wear those shoes." As plaintiff put it: "It wasn't their fault. I slipped, I can't walk in these shoes, I'm so embarrassed." In light of those candid admissions from plaintiff, coupled with her remarkably high level of blood alcohol content, the trial court properly ruled that reasonable minds could not differ with respect to whether plaintiff was voluntarily intoxicated and at least 50% at fault for her injuries. Therefore, based on the language of MCL 600.2955a(1), defendant was entitled to summary disposition under MCR 2.116(C)(10) on plaintiff's premises liability claim because of her voluntary intoxication.

Affirmed.

/s/ Christopher P. Yates
/s/ Stephen L. Borrello
/s/ Kristina Robinson Garrett

-6-